UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULISSA COTA, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>CARROWS RESTAURANTS, LLC, a California corporation; CARROWS CALIFORNIA FAMILY RESTAURANTS, LLC, a Delaware corporation; SHARI'S MANAGEMENT CORPORATION, a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>                Defendants. | Case No.: 20-CV-1428 TWR (RBB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>(ECF No. 12) |

       Presently before the Court is Plaintiff Julissa Cota's Motion for Entry of Default Judgment as to Defendants Carrows Restaurants, LLC et al. ("Mot.," ECF No. 10). Because of the procedural posture of this case, the Motion is unopposed. (*See generally* Docket.) The Court determines that this matter is suitable for disposition on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered Plaintiff's arguments, the record, and the relevant law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for the reasons set forth below.

1

## BACKGROUND

On July 24, 2020, Plaintiff filed this putative class action against Defendants Carrows Restaurants, LLC; Carrows California Family Restaurants, LLC; and Shari's Management Corporation, alleging two causes of action for violations of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and (2) the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. (*See generally* ECF No. 1.) On August 28, 2020, Plaintiff filed proofs of personal service on Defendants' corporate representatives as of that same date. (*See generally* ECF Nos. 4–6.) After this action was transferred to the undersigned, (*see generally* ECF No. 7), Plaintiff filed a Request for Clerk's Entry of Default on June 2, 2021. (*See generally* ECF No. 8.) The Clerk entered default against Defendants on June 7, 2021, (*see generally* ECF No. 9), and the instant Motion followed on August 12, 2021. (*See generally* ECF No. 12.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "First, a party must obtain a clerk's entry of default under Rule 55(a)," and second, "the party may seek entry of default judgment under Rule 55(b)." *Doe v. Jeffries*, No. 18CV2021-MMA (JMA), 2018 WL 6582832, at *1 (S.D. Cal. Oct. 17, 2018) (citing *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)). The Court considers seven factors in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

2

### ANALYSIS

Through the instant Motion, Plaintiff "respectfully requests that this Court enter a default judgment against Defendants Carrows Restaurants, LLC[;] Carrows California Family Restaurants, LLC[; and] Shari's Management Corporation, pursuant to Federal Rule of Civil Procedure 55(b)(2) . . . in the amount of Five Million Dollars ($5,000,000.00)." (*See* Mot. at 3–4.)  It appears from Plaintiff's Proposed Order that she also seeks $16,070.00 in attorneys' fees and costs. (*See* Proposed Order.)

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (collecting cases).  "A motion for default judgment—far from being a mundane procedural motion (such as a motion to extend a deadline)—is a case-dispositive motion [that] requires the Court to undertake an in-depth analysis." *Long v. Okopny*, No. CV-20-02211-PHX-DWL, 2021 WL 3410916, at *1 (D. Ariz. July 27, 2021) (citing *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590 (D. Ariz. July 15, 2021); *Trident Inv. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826 (D. Ariz. Jan. 8, 2021)). Consequently, "[a] party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Id.* at *2.  "Plaintiff also bears the burden of demonstrating entitlement to the sought amount of damages." *Id.* (citing *Assaf v. Carp*, No. SACV 17-01883-CJC(GJSx), 2018 WL 6051514, *1 (C.D. Cal. June 5, 2018)).

Plaintiff utterly fails to meet her burdens here.  Plaintiff's two-page memorandum includes only one paragraph of argument, which fails to mention—much less evaluate—the *Eitel* factors. (*See* Mot. at 4.)  Although Plaintiff has filed five "exhibits," they are merely copies of filings available from the Court's own docket. (*See* Mot. at 3–4; *see also* ECF No. 12-1 (Exs. A–E).[1])  As a result of these failings, Plaintiff has failed to introduce

---

[1] Further, while filed as the "Declaration of Binyamin I. Manoucheri in Support of Plaintiff's Amended Notice of Motion and Motion for Entry of Default Judgment," ECF No. 12-1 contains only bare "exhibits."

any authority or evidence supporting either her wildly inappropriate damages claim,[2] (*see* Mot. at 4), or her inflated request for attorneys' fees,[3] which is not even mentioned in her

---

[2] Plaintiff cites only to a joint motion for preliminary approval of a class action settlement to support her alleged entitlement to a $5 million "settlement fund."  But unlike *National Federation of the Blind v. Target Corp.*, No. C 06-01802 MHP (N.D. Cal.), no class has been certified here.

[3] Plaintiff has introduced no evidence to substantiate the $16,070 requested, and it strikes the Court as highly improbable that Plaintiff's counsel—who filed 55 cases on Plaintiff's behalf in this District alone between June 23, 2020, and January 29, 2021—expended sufficient hours on this cookie-cutter case to justify such a large award fees and costs, particularly given the absence of effort evidenced by the instant Motion.  *See Cota v. Sanrio, Inc.*, No. 21cv179-JLS-MSB (S.D. Cal. filed Jan. 29, 2021); *Cota v. Italiantouch USA, Inc.*, No. 21cv154-GPC-DEB (S.D. Cal. filed Jan. 27, 2021); *Cota v. Safe for Home Prods. LLC*, No. 21cv144-GPC-AHG (S.D. Cal. filed Jan. 26, 2021); *Cota v. Marriott Int'l, Inc.*, No. 21cv140-JLS-AHG (S.D. Cal. filed Jan. 26, 2021); *Cota v. Curacao Ltd.*, No. 21cv112-AJB-BGS (S.D. Cal. filed Jan. 20, 2021); *Cota v. Curacao Ltd.*, No. 21cv112-AJB-BGS (S.D. Cal. filed Jan. 20, 2021); *Cota v. Neiman Marcus Grp. LLC*, No. 20cv2512-CAB-DEB (S.D. Cal. filed Dec. 28, 2020); *Cota v. Equinox Holdings, Inc.*, No. 20cv2485-H-BLM (S.D. Cal. filed Dec. 22, 2020); *Cota v. Fargo Colonial, LLC*, No. 20cv2382-H-BGS (S.D. Cal. filed Dec. 7, 2020); *Cota v. Vf Outdoor, LLC*, No. 20cv2355-WQH-MDD (S.D. Cal. filed Dec. 2, 2020); *Cota v. Vf Outdoor, LLC*, No. 20cv2355-WQH-MDD (S.D. Cal. filed Dec. 2, 2020); *Cota v. Richemont N. Am., Inc.*, No. 20cv2339-MMA-LL (S.D. Cal. filed Nov. 30, 2020); *Cota v. Richemont N. Am., Inc.*, No. 20cv2313-AJB-MDD (S.D. Cal. filed Nov. 25, 2020); *Cota v. Sequential Brands Grp., Inc.*, No. 20cv2310-WQH-MSB (S.D. Cal. filed Nov. 25, 2020); *Cota v. Sparc Grp. LLC*, No. 20cv2296-L-AHG (S.D. Cal. filed Nov. 24, 2020); *Cota v. Pac. Coast Hospitality Grp., Inc.*, No. 20cv2185-DMS-MDD (S.D. Cal. filed Nov. 23, 2020); *Cota v. Bang & Olufsen Am., Inc.*, No. 20cv2285-AJB-AHG (S.D. Cal. filed Nov. 20, 2020); *Cota v. Alo, LLC*, No. 20cv2254-L-JLB (S.D. Cal. filed Nov. 19, 2020); *Cota v. Dreamgirls*, No. 20cv2185-DMS-MDD (S.D. Cal. filed Nov. 6, 2020); *Cota v. Bank of Am. Corp.*, No. 20cv2047-DMS-JLB (S.D. Cal. filed Oct. 16, 2020); *Cota v. Noriega Furniture*, No. 20cv2045-AJB-KSC (S.D. Cal. filed Oct. 16, 2020); *Cota v. Redfin Corp.*, No. 20cv2023-TWR-LL (S.D. Cal. filed Oct. 13, 2020); *Cota v. Global Cellular, Inc.*, No. 20cv2022-MMA-WVG (S.D. Cal. filed Oct. 14, 2020); *Cota v. Buccellati, Inc.*, No. 20cv2007-GPC-AGS (S.D. Cal. filed Oct. 13, 2020); *Cota v. DZINE, Inc.*, No. 20cv2003-JLS-BLM (S.D. Cal. filed Oct. 13, 2020); *Cota v. Berluti LLC*, No. 20cv2002-CAB-LL (S.D. Cal. filed Oct. 13, 2020); *Cota v. Cort Bus. Servs. Corp.*, No. 20cv1995-CAB-DEB (S.D. Cal. filed Oct. 12, 2020); *Cota v. Hanesbrands Inc.*, No. 20cv1980-H-DEB (S.D. Cal. filed Oct. 7, 2020); *Cota v. Pandora Jewelry LLC*, No. 20cv1951-JLS-BGS (S.D. Cal. filed Oct. 2, 2020); *Cota v. Things Remembered, Inc.*, No. 20cv1939-GPC-BGS (S.D. Cal. filed Sept. 30, 2020); *Cota v. Truluck's Rest. Grp. LP*, No. 20cv1911-WQH-NLS (S.D. Cal. filed Sept. 24, 2020); *Cota v. Soma Intimates, LLC*, No. 20cv1878-MMA-AHG (S.D. Cal. filed Sept. 22, 2020); *Cota v. Claire's Holdings, LLC*, No. 20cv1833-TWR-NLS (S.D. Cal. filed Sept. 17, 2020); *Cota v. Ethan Allen Retail, Inc.*, No. 20cv1811-AJB-KSC (S.D. Cal. filed Sept. 14, 2020); *Cota v. Porven, Ltd.*, No. 20cv1806-BAS-RBB (S.D. Cal. filed Sept. 14, 2020); *Cota v. Autozone, Inc.*, No. 20cv1797-AJB-AGS (S.D. Cal. filed Sept. 11, 2020); *Cota v. Kenzo Paris USA LLC*, No. 20cv1796-GPC-LL (S.D. Cal. filed Sept. 11, 2020); *Cota v. Sushi Ota Inc.*, No. 20cv1721-H-BLM (S.D. Cal. filed Sept. 2, 2020); *Cota v. Sushi Ota Inc.*, No. 20cv1721-H-BLM (S.D. Cal. filed Sept. 2, 2020); *Cota v. Stuart Weitzman Retail Stores, LLC*, No. 20cv1632-AJB-BGS (S.D. Cal. filed Aug. 21, 2020); *Cota v. Sterling Jewelers Inc.*, No. 20cv1522-JLS-

Motion.  (*See* Proposed Order.)  In short, Plaintiff's Motion is wholly inadequate.  The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.  *See, e.g., Long*, 2021 WL 3410916, at *2 (denying without prejudice motion for default judgment where the plaintiff filed a "one-page motion" that made "no effort" to carry her burden under *Eitel*); *United Specialty Ins. Co. v. E-Cig Vapor Emporium, LLC*, No. EDCV180002JGBSHKX, 2018 WL 5098859, at *7 (C.D. Cal. Oct. 15, 2018) (denying without prejudice motion for default judgment where the "[p]laintiff's briefing . . . – scarcely a page of text between the motion and reply – is insufficient to demonstrate that default judgment is warranted under Eitel, a case which [the p]laintiff fails to mention at any point in its briefing despite [the d]efendants' citation to the case in their opposition"); *Breakdown Servs. Ltd. v. Craney*, No. CV0905287SJOPLAX, 2010 WL 11596624, at *2 (C.D. Cal. Jan. 13, 2010) (denying without prejudice motion for default judgment where the "[p]laintiff has not established any of the *Eitel* factors that favor default judgment such that [the p]laintiff has failed to satisfy the substantive requirements for granting default judgments, pursuant to Federal Rule of Civil Procedure 55(a)").

## CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for entry of default judgment against Defendants Carrows Restaurants,

---

LL (S.D. Cal. filed Aug. 6, 2020); *Cota v. Jo-Ann Stores, LLC*, No. 20cv1520-GPC-BGS (S.D. Cal. filed Aug. 6, 2020); *Cota v. Ben Bridge-Jeweler, Inc.*, No. 20cv1496-LAB-RBB (S.D. Cal. filed Aug. 3, 2020); *Cota v. Tory Burch LLC*, No. 20cv1491-CAB-AGS (S.D. Cal. filed July 31, 2020); *Cota v. Crocs, Inc.*, No. 20cv1474-BAS-AHG (S.D. Cal. filed July 30, 2020); *Cota v. Taco Bell Corp.*, No. 20cv1473-LAB-BLM (S.D. Cal. filed July 30, 2020); *Cota v. Westfield Am. L.P.*, No. 20cv1450-JLS-BGS (S.D. Cal. filed July 28, 2020); *Cota v. Carrows Rests., LLC*, 20cv1428-TWR-RBB (S.D. Cal. filed July 24, 2020); *Cota v. LIDS, Inc.*, No. 20cv1408-MMA-BLM (S.D. Cal. filed July 22, 2020); *Cota v. Homegoods, Inc.*, No. 20cv1407-MMA-AGS (S.D. Cal. filed July 22, 2020); *Cota v. Trader Joe's Co.*, No. 20cv1405-BAS-BGS (S.D. Cal. filed July 22, 2020); *Cota v. New rue21, Inc.*, No. 20cv1404-BEN-WVG (S.D. Cal. filed July 22, 2020); *Cota v. Puma N. Am., Inc.*, No. 20cv1143-BAS-JLB (S.D. Cal. filed June 23, 2020); *Cota v. O'Neill Wetsuits, LLC*, No. 20cv1142-BEN-DEB (S.D. Cal. filed June 23, 2020); *Cota v. Journeys*, No. 20cv1141-CAB-WVG (S.D. Cal. filed June 23, 2020); *Cota v. e.l.f. Cosmetics, Inc.*, No. 20cv1140-BEN-MDD (S.D. Cal. filed June 23, 2020); *Cota v. Bailey 44, LLC*, No. 20cv1138-BEN-WVG (S.D. Cal. filed June 23, 2020); *Cota v. Aveda Corp.*, No. 20cv1137-BEN-BGS (S.D. Cal. filed June 23, 2020).

LLC; Carrows California Family Restaurants, LLC; and Shari's Management Corporation (ECF No. 12). Plaintiff **MAY FILE** a renewed motion for default judgment <u>within fourteen (14) days of the electronic docketing of this Order</u>. *Should Plaintiff fail to file a renewed motion for default judgment or a notice of voluntary dismissal by the Court's deadline, the Court will dismiss this action without prejudice.*

 **IT IS SO ORDERED.**

Dated: September 16, 2021

_____
Honorable Todd W. Robinson
United States District Court