UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULISSA COTA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CARROWS RESTAURANTS, LLC, a California corporation; CARROWS CALIFORNIA FAMILY RESTAURANTS, LLC, a Delaware corporation; SHARI'S MANAGEMENT CORPORATION, a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>  Defendants. | Case No.: 20-CV-1428 TWR (RBB)<br><br>**ORDER (1) DENYING PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT, (2) SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT, AND (3) TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TIMELY TO EFFECT SERVICE**<br><br>(ECF No. 12) |

Presently before the Court is Plaintiff Julissa Cota's Amended Motion for Entry of Default Judgment as to Defendants ("Am. Mot.," ECF No. 12). Because of the procedural posture of this case, Defendants Carrows Restaurants, LLC; Carrows California Family Restaurants, LLC; and Shari's Management Corporation do not oppose the Amended Motion. (*See generally* Docket.) The Court determined that this matter is suitable for disposition on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF No. 14 at 1–2.) Having carefully considered Plaintiff's arguments, the record, and the relevant law, the Court **DENIES** Plaintiff's Amended Motion (ECF No. 12), **SETS**

**ASIDE** the Clerk's Entry of Default (ECF No. 9), and **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed for failure timely to effect service.

## BACKGROUND

On July 24, 2020, Plaintiff filed this putative class action, alleging two causes of action for violations of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and (2) the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. (*See generally* ECF No. 1.) On August 28, 2020, Plaintiff filed proofs of service on Defendants' purported registered agent. (*See generally* ECF Nos. 4–6.) After this action was transferred to the undersigned, (*see* ECF No. 7), Plaintiff filed a Request for Clerk's Entry of Default on June 2, 2021. (*See generally* ECF No. 8.) The Clerk entered default against Defendants on June 7, 2021, (*see generally* ECF No. 9), and Plaintiff moved for default judgment on June 28, 2021. (*See generally* ECF No. 10.) On August 12, 2021, Plaintiff withdrew her original motion for default judgment, (*see generally* ECF No. 11), and filed the instant Amended Motion. (*See generally* ECF No. 12.)

## LEGAL STANDARDS

### I. Default Judgment

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "First, a party must obtain a clerk's entry of default under Rule 55(a)," and second, "the party may seek entry of default judgment under Rule 55(b)." *Doe v. Jeffries*, No. 18CV2021-MMA (JMA), 2018 WL 6582832, at *1 (S.D. Cal. Oct. 17, 2018) (citing *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)). A court must consider seven factors in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## II. Service of Process

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

## ANALYSIS

Through the instant Amended Motion, Plaintiff "respectfully requests that this Court enter a default judgment against Defendants" in the amount of $4,000 in statutory damages under the Unruh Act and $16,070 for attorneys' fees and costs. (*See* Am. Mot. at 1, 15–16.)

As Plaintiff herself recognizes, (*see id.* at 5), a prerequisite for default is service of the summons and complaint on the defendant(s). *See e.g.*, *Chambers v. Knight*, No. 18-CV-02906-BAS-BGS, 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.") (collecting cases). Here, Plaintiff introduces evidence that service was effected on Defendants through "Becky DeGeorge, Person Authorized to Accept" at "CSC Lawyers Incorporating Services [¶] 2710 Gateway Oaks Dr, Suite 150 N [¶] Sacramento, CA 95833[.]" (*See* ECF Nos. 4–6; *see also* ECF No. 12-1 ("Manoucheri Decl.") ¶¶ 3–4.)

1  Defendants' filings with the California Secretary of State, however, indicate that their
2  registered agent for service of process at all relevant times was "C T CORPORATION
3  SYSTEM (C0168406)." *See* Form LLC-12 California Secretary of State Statement of
4  Information (Limited Liability Company) for Carrows Restaurants, LLC, No. 20-A31597
5  (filed Jan. 21, 2020), *available at* https://businesssearch.sos.ca.gov/Document/Retrieve
6  PDF?Id=201808710120-27567134; Form LLC-12 California Secretary of State Statement
7  of Information (Limited Liability Company) for Carrows California Family Restaurants,
8  LLC, No. 20-A31026 (filed Jan. 21, 2020), *available at* https://businesssearch.sos.ca.gov/
9  Document/RetrievePDF?Id=201809210008-27567151; California Secretary of State
10 Electronic Filing, Corporation – Statement of Information for Shari's Management
11 Corporation, No. GE25863 (filed Mar. 21, 2020), *available at* https://businesssearch.sos.
12 ca.gov/Document/RetrievePDF?Id=02159328-28001122; California Secretary of State
13 Electronic Filing, Corporation – Statement of Information for Shari's Management
14 Corporation, No. GS73357 (filed Apr. 23, 2021), *available at* https://businesssearch.sos.ca.
15 gov/Document/RetrievePDF?Id=02159328-30410941; *see also, e.g.*, *Brooks v. House of*
16 *CB USA, LLC*, No. 2:20-cv-1606-JAM-JDP, 2021 U.S. Dist. LEXIS 125705, at *2 n.1
17 (E.D. Cal. July 2, 2021) (taking judicial notice of a defendant's entity profile from the
18 California Secretary of State's website pursuant to Federal Rule of Evidence 201 in ruling
19 on a motion for entry of default judgment (citing *Gerritsen v. Warner Bros. Entm't, Inc.*,
20 112 F. Supp. 3d 1011, 1033–34 (C.D. Cal. 2015))).  Because Plaintiff has failed to serve
21 Defendants, the Court necessarily **DENIES** Plaintiff's Amended Motion (ECF No. 12) and
22 **SETS ASIDE** the Clerk's Entry of Default (ECF No. 9).  *See, e.g.*, *Brooks*, 2021 U.S. Dist.
23 LEXIS 125705, at *3 (setting aside the clerk's entry of default and denying without
24 prejudice the plaintiff's motion for default judgment where the plaintiff failed to show that
25 he had properly served the defendant).
26      Plaintiff's failure to effect service on Defendants also implicates Rule 4(m) because
27 the Complaint remains unserved nearly one-and-a-half years after being filed on July 24,
28 2020, (*see generally* ECF No. 1), well in excess of Rule 4(m)'s 90-day service limit.  The

20-CV-1428 TWR (RBB)

Court therefore further **ORDERS** Plaintiff to **SHOW CAUSE**, as outlined below, why this action should not be dismissed for failure timely to effect service pursuant to Rule 4(m) and Civil Local Rule 4.1.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Amended Motion (ECF No. 12), **SETS ASIDE** the Clerk's Entry of Default (ECF No. 9), and **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed for failure timely to effect service pursuant to Rule 4(m). Should Plaintiff wish to proceed in this matter, <u>no later than fourteen (14) days from the date this Order is docketed</u>, she **SHALL FILE** either (1) proof of service of the summons and the Complaint on Defendants; or (2) a declaration under penalty of perjury showing good cause for her failure timely to serve Defendants, accompanied by a motion for leave to serve process outside of the 90-day service limit. *If Plaintiff fails adequately to respond to this Order within the time provided, the Court will enter a final order of dismissal without prejudice for failure timely to effect service pursuant to Rule 4(m) and Civil Local Rules 4.1 and 41.1(b).*

**IT IS SO ORDERED.**

Dated: January 24, 2022

_____
Honorable Todd W. Robinson
United States District Court